KRAMER HEATING & MANUFACTURING, INC., Respondent, v. UNITED BONDING INSURANCE COMPANY, Appellant.

*No. 216. Argued April 28, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 119.)

For the appellant there were briefs by *La France, Thompson, Greenquist, Evans & Dye,* and oral argument by *Kenneth F. Hostak,* all of Racine.

For the respondent there was a brief by *Grodin & Strnad* of Milwaukee, and oral argument by *Burton A. Strnad.*

HEFFERNAN, J. The basic question is whether the judge's findings are supported by the evidence. Unless the findings are contrary to the great weight and clear preponderance of the evidence, the findings must be sustained and the judgment affirmed. *Trible v. Tower Ins. Co.* (1969), 43 Wis. 2d 172, 179, 180, 168 N. W. 2d 148. The defendant contends, however, that its pleadings put the plaintiff to its proof and the plaintiff failed to show either that the work was performed pursuant to the contract with ROS or that the contract under which it performed was the contract contemplated by the surety agreement between Pure Oil and United. In light of the pleadings and the evidence, we consider the defendant's position untenable.

We are satisfied that the defendant's answer did not put in issue the questions which it now seeks to raise. A fair reading of the complaint and answer indicates that the only question raised by the answer was the legal question of the construction of the bond. This was the interpretation of the trial judge when confronted with the effect of the pleadings, and this is the interpretation which we now place upon them. We therefore are of the opinion that the points now urged by the defendant were conceded by default in the pleadings. It is elemen-

tary law that allegations not denied may properly be accepted by the court as a verity. Sec. 263.26, Stats. Moreover, a complete reading of the record leaves no doubt in the mind of this court, as there was no doubt in the mind of the trial judge, that the work was done pursuant to the contract entered into with ROS, that the participation of ROS was the result of its prime contract with Pure Oil, and that this contract and the obligation to this subcontractor was specifically covered by the bonding agreement. The fact that the ROS-Pure Oil contract was not introduced into evidence is immaterial when the pleadings did not contest its existence and the evidence adduced at trial reasonably leads to the conclusion that such contract existed and in fact triggered the whole performance of the plaintiff.

We, of course, agree with defendant's counsel, assuming his defense were pleaded, that the existence of a bonding obligation would be a matter of proof for the plaintiff and not an affirmative defense to be pleaded and proved by the bonding company. However, such proof sufficiently appears in the record, and the findings of the trial judge that the work was pursuant to the ROS contract is supported by the evidence. Without determining that the bond would not apply if the work were done pursuant to a separate request by Pure Oil,[1] we conclude that the work of Kramer was done pursuant to the proposal and purchase order (the contract with ROS).

The trial judge also found that the work had been completed. This finding is not contrary to the great weight and clear preponderance of the evidence, and on the basis of the evidence adduced at trial, there was no incompleted work under the contract which would have

---

[1] See 10 Appleman, *Insurance Law and Practice*, p. 86, sec. 5859, regarding materialman's right to recover from surety for work completed upon default of general contractor, and p. 28, sec. 5804, regarding obligee's right to recover from surety for completion of work abandoned by principal.

entitled United to offset any of the liability incurred under its bond.

We share the trial judge's opinion that the pleadings failed to raise the defenses urged by the defendant on the motion to dismiss. The trial judge stated, in pointing out that the only issue raised by the pleadings was the legal construction of the bond and the state of completion of the work:

"You have to apprise him as to the issue raised. You haven't raised it as far as this court is concerned. I don't think you have raised it as far as plaintiff's counsel. The plaintiff was concerned about it, as you knew. You can't lie back. Pleadings are supposed to apprise parties of the cause of action and what defense is to be raised. This isn't a game we are playing."

*By the Court.*—Judgment affirmed.